UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLGA VARON

    Plaintiff,

CASE NO.:

-VS-

PRECISION INFINITY, INC. a/k/a/
ASBURY AUTOMOTIVE GROUP, INC.
d/b/a INFINITI OF TAMPA,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, OLGA VARON ("Ms. Varon" or "Plaintiff") alleges violations of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32701, *et. seq.* (the "Federal Odometer Act"), against Defendant, PRECISION INFINITY, INC. also known as (a/k/a/) ASBURY AUTOMOTIVE GROUP, INC., doing business as (d/b/a) INFINITI OF TAMPA ("Dealership" or "Defendant").

### INTRODUCTION

1.    The Federal Odometer Act was enacted by the Secretary of Transportation to prescribe disclosure requirements on the transfer of motor vehicles. 49 U.S.C. §32705.

1

2. The Federal Odometer Act was devised as a means of providing safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers and prohibiting the tampering with a motor vehicle's odometer. 49 U.S.C. §32701.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 49 U.S.C. §32710(b), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Ms. Varon is a natural person and citizen of the State of Florida, residing in Brandon, Hillsborough County, Florida.

6. Ms. Varon is a "transferee" as said term is defined under 49 C.F.R. § 580.3.

7. The Dealership is a car dealership licensed by the State of Florida as a dealer conducting new and used automobile sales in Hillsborough County, Florida.

8. At all material times hereto, the Dealership was a "dealer" as defined under 49 U.S.C. §32702(2), and a "transferor" as defined under 49 C.F.R. § 580.3.

9. On or about May 24, 2017, Ms. Varon went to the Dealership to purview used automobiles with the intent of purchasing a vehicle for the personal household use of her family.

10. Ms. Varon selected a used 2016 Infiniti QX50-10, VIN: JN1BJORP3GM232247 (the "Vehicle").

11. Prior to her selection of the Vehicle, Ms. Varon advised the Dealership that she wanted an automobile with relatively low mileage that would be reliable transportation for work, shopping, transporting her family, and other personal uses.

12. The Dealership advised Ms. Varon that the Vehicle only had 12,704 miles.

13. The odometer on the Vehicle also reflected that the Vehicle only had 12,704 miles.

14. Ms. Varon selected the Vehicle in large part because it purportedly only had 12,704 miles on it.

15. The Dealership never disclosed to Ms. Varon that the Vehicle had been previously used as a rental car.

16. Based on the representations and non-disclosures of the Dealership, Ms. Varon agreed to purchase the Vehicle.

17. As part of her purchase of the Vehicle, Ms. Varon submitted an Application for Vehicle/ Vessel, Certificate of Title (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

18. The Certificate of Title identifies the VIN number of the Vehicle with mileage of 12,704 as of May 24, 2017.

19. Almost a year after the purchase of the Vehicle, Ms. Varon learned that the Vehicle had been utilized as a rental car on numerous occasions and had tens of thousands of more miles on it than disclosed by the Dealership.

20. In particular, behind the glove box of the Vehicle, Ms. Varon discovered numerous rental agreements between the Dealership and various lessors for the lease of the Vehicle prior to Ms. Varon's purchase of the Vehicle.

21. For example, on or about March 15, 2017, the Dealership rented the Vehicle to Evelyn Coleman. A true and correct copy of the rental agreement between Ms. Coleman and the Dealership (the "Coleman Rental Agreement") is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

22. The Coleman Rental Agreement is for the rental of the Vehicle and identifies it as the same car Ms. Varon purchased, including the identical VIN number, JN1BJORP3GM232247.

23. The Coleman Rental Agreement states that the Vehicle had 31,090 miles on it as of March 15, 2017.

24. On or about March 31, 2017, the Dealership rented the Vehicle to Andrew Baer. A true and correct copy of the rental agreement between Mr. Baer and the Dealership (the "Baer Rental Agreement") is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

25. The Baer Rental Agreement is for the rental of the Vehicle and identifies it as the same car Ms. Varon purchased, including the identical VIN number, JN1BJORP3GM232247.

26. The Baer Rental Agreement states that the Vehicle had 33,000 miles on it as of March 31, 2017.

27. The Dealership had a pattern of renting out the Vehicle prior to its sale to Ms. Varon.

28. The Dealership did not disclose to Ms. Varon that the Vehicle had been utilized as a rental car.

29. It is clear from the Coleman Rental Agreement and Baer Rental Agreement that the Vehicle had significantly more miles on it at the time Ms. Varon purchased the Vehicle than the Dealership disclosed.

30. Indeed, as of March 31, 2017, the Vehicle had 33,000 miles on it.

31. The Dealership falsely represented to Ms. Varon that the Vehicle only had 12,704 miles on it at the time of purchase, over 20,000 miles less than it actually did.

32. If the Dealership had to disclosed to Ms. Varon that the Vehicle had been previously used as a rental car, Ms. Varon would not have agreed to purchase the Vehicle.

33. If the Dealership had to disclosed to Ms. Varon that the Vehicle had over 33,000 miles on it (rather than 12,704), Ms. Varon would not have agreed to purchase the Vehicle.

34. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the Federal Odometer Act)

35. Ms. Varon incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

36. This is an action against the Dealership for violations of the Federal Odometer Act 49 U.S.C. §32701, *et. seq.*, and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

37. At all times material hereto: (a) Ms. Varon was a 'transferee' within the meaning of 49 C.F.R. §580.30; (b) the Dealership was a 'dealer' within the meaning of 49 U.S.C §32702(2); (c) the Dealership was a 'transferor' within the meaning of 49 C.F.R. §580.30; and (d) the Vehicle was a 'motor vehicle' within the meaning of 49 U.S.C §32101(7).

38. The Dealership provided a false statement to Ms. Varon, namely that the mileage for the Vehicle was only 12,704 miles, when the Vehicle actually had over 33,000 miles on it.

39. The Dealership tampered with the odometer on the Vehicle prior to the sale of the Vehicle to Ms. Varon.

40. By its actions set forth herein, the Dealership violated 49 U.S.C §32705 which provides in pertinent part:

> *(1)DISCLOSURE REQUIREMENTS.—Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:*
>
> *(A) Disclosure of the cumulative mileage registered on the odometer.*
>
> *(2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.*

41. By its actions set forth herein, the Dealership violated 49 U.S.C §32703 which provides in pertinent part:

> 49 U.S.C §32703, **_Preventing Tampering_**
> _A <u>person</u> may not—_
> _(1) advertise for sale, sell, use, install, or have installed, a device that makes an <u>odometer</u> of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the <u>odometer</u> within the designed tolerance of the manufacturer of the <u>odometer</u>;_
> _(2) disconnect, reset, alter, or have disconnected, reset, or altered, an <u>odometer</u> of a motor vehicle intending to change the mileage registered by the <u>odometer</u>;_

42. As a direct and proximate result of the Dealership's violations of the Federal Odometer Act, Ms. Varon has been damaged.

43. Pursuant to 49 U.S.C §32710(a), the Dealership is liable to Ms. Varon in the sum of three (3) times her actual damages or $10,000, whichever is greater.

44. Ms. Varon (a) is entitled to collect her attorney's fees and costs pursuant to 49 U.S.C §32710(b); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Ms. Varon, respectfully requests relief in the form of: (i) damages in the sum of three (3) times her actual damages or $10,000, whichever is greater; (ii) interest, court costs and attorney's fees; (iii) a trial by jury; and (iv) such

other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Fraudulent Misrepresentation)

45. Ms. Varon incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

46. This is an action against the Dealership for fraudulent misrepresentation, brought pursuant to the doctrine of pendent jurisdiction, and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

47. The Dealership mispresented material facts concerning the condition of the Vehicle.

48. The Dealership omitted material facts by failing to disclose that the Vehicle had been previously used as a rental car.

49. The Dealership also misrepresented the mileage of the Vehicle. The Dealership represented to Ms. Varon that the Vehicle had 12,704 miles on it when it actually had more than 33,000 miles on it.

50. The Dealership tampered with the odometer to change the mileage from over 33,000 miles to reflect significantly lower mileage of 12,704 miles.

51. The Dealership knew that the representations were false, and had no reasonable grounds for believing those representations were true.

52. The Dealership knew that its representations and omissions regarding the Vehicle were material and important.

53. The Dealership intended to deceive Ms. Varon and induce Ms. Varon to purchase the Vehicle.

54. Ms. Varon justifiably relied upon the misrepresentations and omissions made by the Dealership to her detriment.

55. Ms. Varon would not have purchased the Vehicle but for the misrepresentations and omissions made by the Dealership.

56. As a direct and proximate cause of the fraudulent misrepresentations and non-disclosures made by the Dealership, Ms. Varon has been damaged.

WHEREFORE, Ms. Varon respectfully requests a judgment for damages, costs, a trial by jury, and such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III
### (Negligent Misrepresentation)

57. Ms. Varon incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

58. This is an action against the Dealership for negligent misrepresentation, brought pursuant to the doctrine of pendent jurisdiction, and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

59. As more fully set forth above and herein, the Dealership misrepresented and failed to disclose material facts concerning the history and mileage of the Vehicle.

60. The Dealership was negligent in making statements concerning the mileage and history of the Vehicle, and the Dealership should have known the statements were false.

61. The Dealership should have known that the Vehicle had over 33,000 miles on it when they misrepresented to Ms. Varon that it only had 12,704 miles on it.

62. The Dealership also failed to disclose that the Vehicle had been previously used as a rental car.

63. The Dealership, in making the statements concerning the mileage and history of the Vehicle, intended Ms. Varon to rely upon said statements.

64. Ms. Varon justifiably relied on the false statements and omissions made by the Dealership concerning the mileage and history of the Vehicle at the time of her purchase of the Vehicle.

65. Ms. Varon would not have purchased the Vehicle but for the misrepresentations and omissions made by the Dealership.

66. As a direct and proximate cause of the negligent misrepresentations and non-disclosures made by the Dealership, Ms. Varon has been damaged.

WHEREFORE, Ms. Varon respectfully requests a judgment for damages, costs, a trial by jury, and such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Sami Thalji
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email:
Service@MyInjury.com

By: /s/ Cynthia Lakeman
Cynthia Lakeman, co-counsel for Plaintiff
Florida Bar No.: 149705
607 West Martin Luther King, Jr. Blvd.
Tampa, Florida  33603
(813) 238-4466
Notice of Primary Email
lakeman_c@msn.com